Kern *v.* Board of Adjustment (et al., Appellant).

582

Argued April 17, 1963.　Before Bell, C. J., Musmanno, Jones, Cohen, Eagen, O'Brien and Roberts, JJ.

*Alphonso Santangelo,* for appellants.

*Victor J. Roberts,* with him *High, Swartz, Roberts & Seidel,* for appellee.

*Joseph J. McGrory,* with him *A. Benjamin Scirica,* Township Solicitor, for township, appellee.

OPINION BY MR. JUSTICE ROBERTS, July 2, 1963:

The Zoning Board of Adjustment of Plymouth Township granted a special exception, subject to 13 restrictions, for the construction of six apartment buildings containing 98 units in a Residential Special District.[1] The land to be used is a 6-1/2 acre triangular shaped parcel bounded by Sandy Hill Road and Germantown Pike, two of the busiest thoroughfares in the township, and Hallowell Road, with frontages of 1230 feet, 976 feet and 776 feet respectively. It is from the court's affirmance of the board's action, without taking additional testimony, that certain property owners in the vicinity, protestants before the board, take this appeal.

The zoning ordinance (§900) provides that in Residential Special Districts, a "building may be erected or used, and a lot may be used or occupied, for . . . the following purposes . . . . B. When authorized as a special exception, an apartment house or apartment hotel . . . ." The ordinance in §2102 B sets forth the standards to be applied by the board in granting special exceptions.

In Residential Special Districts, the ordinance by §902 establishes the minimum lot area and width requirements, as well as the front, side and rear yard

---

[1] The Board concluded that the garden type apartment use would "not be detrimental to the appropriate use of adjacent property," nor, with proper restrictions would it cause "undue congestion of pedestrian or vehicular traffic nor endanger the safety of persons or property." The conditions imposed by the Board fixed the distances of building and parking areas from the rights of way of the three surrounding streets, the location of parking areas and surface type, and the ratio of parking spaces to units; provided for sidewalks and curbs "of such a width and placed in such a location as designated by the Township Engineer," and a plan of storm drainage; regulated outdoor lighting and maintenance of the tract; and further provided that "all other requirements of the Plymouth Township Zoning, Building and Plumbing Ordinances shall be fulfilled."

depths and widths. It likewise limits the building coverage "not to exceed twenty-five (25) percent" of the lot.

Appellants' chief complaint is that the plot plan submitted with the application is "inaccurate, incomplete, vague and misleading" and "fails to meet the requirements" of the zoning ordinance and that the board "manifestly abused its discretion" in granting the exception. The effect of appellants' argument is to require of the plot plan the particularity of a building permit. While it may perhaps be desirable and helpful to have the plan meet that standard of dimensional detail,[2] surely no party in interest is misled or prejudiced by a plan which discloses the essential dimensions of the area to be used and the basic locations of the structures and other facilities to be constructed. This is especially so here, since the submitted plan together with the board's order as corrected and clarified by the court below describe with definiteness and certainty the precise use of the area.

Appellants quite properly and successfully maintained that three of the board's conditions required setbacks (from the rights of way) below the minimum mandated by Section 902 of the zoning ordinance. The court below corrected each of those conditions to conform to the zoning ordinance. The court below properly concluded: ". . . the appellants contend that some of the conditions are illegal, particularly No. 1, which provides that 'No building . . . shall be erected or constructed closer than 30 feet to . . . Germantown Pike,' and No. 2, which provides that 'No building . . . shall be erected or constructed closer than 15 feet to . . . Hallowell Road,' and No. 3, which provides that 'No building . . . shall be erected or constructed closer than 15 feet to . . . Sandy Hill Road.' These conditions con-

---

[2] The record fails to disclose whether the zoning ordinance imposes such a requirement, and apparently it does not do so.

flict with Section 902 of the Ordinance providing for setbacks, and would grant the owner of the premises rights in excess of those which, according to his plan, he seeks. Subject to the modification of these three conditions, the decision of the Board of Adjustment should be affirmed."

"AND NOW, November 26, 1962, the decision of the Board of Adjustment of Plymouth Township is affirmed, subject to full compliance by the applicant, or his assigns, with the set-back requirements of Section 902 of the Plymouth Township Zoning Ordinance of 1959. . . ."

Our review satisfies us that the proposed apartments clearly come within the exceptional use authorized by the ordinance. The sole error committed by the board was corrected by the court below. Therefore, finding no abuse of discretion or error of law, we affirm the decision of the court below.

Order affirmed.

Mr. Justice BENJAMIN R. JONES and Mr. Justice COHEN would remand for the purpose of securing a more appropriate and specific plan.