## Pompei v. Zoning Hearing Board of Middletown Township

*Francis P. Connors*, for appellants.
*Harry F. Dunn, Jr.*, for appellee.

LIPPINCOTT, J., July 13, 1972.—The Zoning Hearing Board of Middletown Township granted a special exception permitting the enlargement of a nonconforming restaurant subject, inter alia, to two conditions or restrictions: (1) that the owners must install directional signs requiring exiting only through a proposed shopping center adjacent to the subject premises; and (2) that 80 parking spaces be provided, although the ordinance itself only requires 30. The property owners have appealed from the imposition of these restrictions, alleging that they are unreasonable, arbitrary and improper.

Appellants presently own a two-acre tract of ground fronting on the north side of Baltimore Pike (U.S. Route 1), a heavily traveled, four-lane, divided highway. One acre abuts the highway, with two access driveways, and contains a restaurant and tavern known as the "Riddle Ale House." The restaurant was

a permitted use under the prior ordinance and is also allowed by the recently rezoned "B-2 Shopping Center" classification. However, it is now nonconforming as to lot size, frontage and set-back requirements. The special exception sought and granted will permit the construction of an addition to the present restaurant building.

The interior acre is under agreement of sale to a third party to be incorporated into a proposed large shopping center complex. Under the terms of sale, appellants' patrons will have the privilege of parking upon the shopping center facilities and also a right of ingress and egress over and through its roadways. In planning for the anticipated tremendous traffic flow from this one million square foot shopping mall onto the already overburdened highway, the township has installed a controlled intersection a short distance from appellants' restaurant into which the massive traffic load will be funneled.

The first condition imposed by the board of adjustment requires appellants to "install directional signs at the curb cuts located adjacent to Baltimore Pike indicating 'Entrance Only' from the Baltimore Pike and install an Exit sign or signs directly to the proposed shopping center."

We feel that this condition is reasonable. It does not prohibit persons from exiting on Baltimore Pike, but it rather directs the traffic flow in a sensible manner by channeling vehicles to the controlled intersection. Since appellants' property, for all intents and purposes, will become an integrated part of the shopping center, if exiting were permitted through appellants' two entrances, the shopping center traffic might well use these exits as short cuts to avoid the traffic controls and thereby compound an already acute traffic problem.

Appellants contend that this condition will delay the issuance of a building permit, since the order of the zoning hearing board states that a permit should issue "at and only after compliance by Applicant with each and all of the conditions, . . ." However, this argument ignores the plain language of the restriction, which states that it only becomes operative "In the event that the proposed shopping center is erected and constructed . . ." Furthermore, the township solicitor as attorney for the "appellee" has agreed in his brief that appellants may proceed immediately with construction of the proposed addition and use their present ingress and egress routes until the shopping center is completed.

A number of Pennsylvania cases have permitted the imposition of similar restrictions. For example, in Shoemaker v. York Junior College, 38 D. & C. 2d 750 (1964), 78 York L.R. 9, a case quite similar to the one at bar, the court upheld a condition imposed by a board of adjustment in prohibiting access to a public street from a college campus. See also Gibson v. Zoning Board of Adjustment, 13 D. & C. 2d 203 (1957), 44 Del. 251, requiring funeral processions to be supervised and directed as they enter a public road; Nicholson v. Zoning Board of Adjustment, 392 Pa. 278, 140 A. 2d 604 (1958), requiring that the use of land be restricted on certain access streets; and 54th St. Center, Inc. v. Zoning Board of Adustment, 395 Pa. 338, 150 A. 2d 335 (1959), requiring ingress and egress from only one street abutting the subject premises. Similarly, in Breinig v. Allegheny Co., 332 Pa. 474, 2 A. 2d 842 (1938), it was held that the police power of the municipality permits the adoption of such reasonable rules and regulations with respect to the use of driveways as will accord some measure

of access and yet permit public travel with a minimum of danger.

Appellants also argue that the limitation upon the right of egress amounts to a condemnation of their property without due process of law. However, Wolf v. Department of Highways, 422 Pa. 34, 220 A. 2d 868 (1966), reaches a contrary result. In that case, direct access to a property was denied by the erection of a medial strip, which required a circuitous route to obtain entry thereto. The Supreme Court held this did not give rise to damages by eminent domain and that the right of access to and from a public highway does not entitle the abutting owner to access at all points along the highway, but merely entitles him to access by a reasonable and convenient means. It was stated, 422 Pa. 40:

"But the public authorities have the undoubted right to regulate the manner of the use of driveways by adopting such rules and regulations, in the interest of public safety, as will accord some measure of access and yet permit public travel with a minimum of danger. The rules and regulations must be reasonable, striking a balance between the public and the private interest. The abutter cannot make a business of his right of access in derogation of the rights of the traveling public. He is entitled to make only such use of his right of access as is consonant with traffic conditions and police requirements that are reasonable and uniform . . . And highways may be so regulated by them [the Commonwealth and its political subdivisions] as to limit the rights of abutting owners: [citing authorities] . . ."

We, therefore, find that the first condition or restriction requiring the installation of "Entrance Only" signs along Baltimore Pike and "Exit" signs through

the proposed shopping center when constructed is reasonable.

With respect to the second restriction, requiring more parking spaces than the ordinance itself calls for, appellee seeks to justify this on the sole ground that the plans submitted by appellants showed 80 parking spaces and they should be thus limited. On the other hand, appellants argue that they were not aware of a requirement in the ordinance creating the shopping center classification, adopted immediately prior to the filing of their application, that a 30-foot buffer strip be provided between appellants' property and the shopping center. They state that this will reduce the parking area actually available to them and the restriction will unduly interfere with the future use of their property.

The ordinance itself, applicable to all commercial classifications, requires "five car spaces for each 1,000 square feet of leasable area." Since appellants' building area, including the proposed addition, will be less than 6,000 square feet, they would only need 30 parking spaces to comply with the parking requirements of the zoning ordinance.

It appears to us that the restriction was gratuitously added. The only reason a special exception for the addition was needed was because of the changed area and set-back requirements, which have nothing to do with parking. Since all other restaurants in the municipality must provide only five car spaces per 1,000 square feet, and this restriction requires appellants to provide nearly three times that number, we feel the condition is discriminatory as to appellants and thus arbitrary and unreasonable.

In addition, as stated in 3 Anderson, American Law of Zoning, page 162: "A condition may not be imposed which is inconsistent with the zoning regulations of

the municipality." See also Kern v. Board of Adjustment, 411 Pa. 581, 192 A. 2d 345 (1963), in which the court struck down conditions imposed by a zoning board which would not "conform to the zoning ordinance."

Wherefore, we enter the following:

## ORDER

Now, July 13, 1972, following argument before the court en banc and upon consideration of briefs, it is ordered and decreed that:

1. The restriction and condition imposed by the zoning hearing board requiring the installation of directional signs in the event that the proposed shopping center is erected and constructed, as set forth in the order of the zoning board of adjustment, be and is hereby affirmed and approved.

2. The condition that appellants shall provide 80 black-topped parking spaces is reversed and declared void. In lieu thereof, appellants shall provide such parking spaces as are required by the Zoning Ordinance of the Township of Middletown.