Weygandt, C. J.
 

 The first cláím of the plaintiff is that this ordinance has been repealed by implication inasmuch as the council of the village subsequently adopted a zoning ordinance. However, this court finds no basis for such a procedural inference, especially in view of the fact that the council has amended the trailer camp ordinance twice since the adoption of the zoning ordinance.
 

 The substantive claim of the plaintiff is that the amended trailer camp ordinance is unconstitutional in that it has' no relation to the public health, morals or welfare and that it is unreasonable, discriminatory and confiscatory in violation of Sections 1 and 19 of Article I of the Constitution of Ohio, and Section 1 of the Fourteenth Amendment to the Constitution of the United States.
 

 The plaintiff finds fault with the entire ordinance, but he is especially critical of Sections 6, 7 and 8.
 

 The first of these requires the operator of a trailer camp to keep a duplicate daily registration book containing the name and address of each occupant of the trailer camp. One copy must be given to the village marshal.
 

 Section 7 limits the parking of occupied trailers to a period of 60 days. It provides further that no trailer or its occupants may again occupy any camp within the village for a period of 90 days thereafter.
 

 Section 8 makes it the duty of the village marshal to inspect the trailer camp daily.
 

 At the threshold of this discussion it should be observed that this court is not permitted to concern itself with the wisdom or folly of the various provisions of this ordinance. The entire responsibility therefor rests with the village council. The judicial
 
 *486
 
 question confronting the court is one solely of power and not in any sense one of policy. Did the village council have the- legislative power to adopt this ordinance ?
 

 Counsel agree that the precise question is one of first impression in this state, and they have succeeded in discovering but two reported decisions by courts of dernier resort in other jurisdictions. The first case is that of
 
 Spitler
 
 v.
 
 Town of Munster,
 
 214 Ind., 75, 14 N. E. (2d), 579, 115 A. L. R., 1395, and the second is
 
 Cady
 
 v.
 
 City of Detroit,
 
 289 Mich., 499, 286 N. W., 805. One of the provisions of the ordinance in the Indiana case required that no person should remain a resident of a tourist camp for a period of more than 30 days. The following pertinent reasoning appears in the opinion:
 

 “Cities and towns have power to establish reasonable regulations for the protection of the lives, health, and property of their citizens * * *. This necessarily implies the power to require the citizen to so use his property as not to defeat such regulations and render them ineffective. Reasonable regulations are not unconstitutional merely because they affect the uses to which private property may be put. This is not a taking of private property. It is an exercise of the police power. * * *
 

 “The town’s building and plumbing code fixes requirements for places of permanent residences. Tourist camps are ordinarily considered as places of tran: sient or temporary abode, and the requirements of this tourist camp ordinance are no doubt less than the code requirements for permanent abodes. The provision-that a person shall not live in a tourist camp for more than thirty days is designed to maintain the transient character of such camps, and the penalty is only a means of enforcing the requirements.”
 

 Then the fifth paragraph of the syllabus reads as follows:
 

 
 *487
 
 “Town ordinance regulating tourist camps, limiting residence therein to thirty days, and requiring 500 cubic feet of space for the occupant housed, though in excess of state requirements,
 
 held
 
 not unreasonable exercise of police power and not in conflict with state authority lodged in the state board of health.”
 

 The questioned ordinance in the Michigan case permitted a person to remain in a trailer camp a maximum of ninety days a year. The seventeenth paragraph of the syllabus reads as follows:
 

 “Ordinances having for their purpose regulated municipal development, the security of home life, the preservation of a favorable environment in which to rear children, the protection of morals and health, the safeguarding of the economic structure upon which the public good depends, the stabilization of the use and value of property, the attraction of a desirable citizenship and fostering its permanency are within the proper ambit of the police power * * *.”
 

 In the instant case the plaintiff introduced considerable evidence to show that he had made improvements in his camp and that the enforcement of the ordinance would constitute a serious discrimination against him. No useful purpose would be served by an extended recital of the facts. Suffice it to observe that the plaintiff is to be commended for attempting to improve his camp, but in spite of his efforts, the thing he has on his hands is still a trailer camp with the increased and unavoidable difficulties inherent in any effort to accommodate permanently a large, mixed group of people confined to limited space and equally limited facilities intended for transients alone. It is true that the ordinance imposes upon trailer camp owners and guests certain regulations not applicable to other residents of the municipality. However, in return for this disadvantage they receive from the municipality certain concessions not available to other residents. As illustrative of this, the evidence dis
 
 *488
 
 closes that the average trailer is approximately 7 feet in width and 17 feet in length, thus having a floor area of but 119 square feet, with as many as five people living therein. No trailer is equipped with a toilet or shower. In contrast with, this, the building code of the village requires a minimum area of 700 square feet in houses with one floor, occupied by other residents; and of course toilet and bathing facilities are likewise required as indispensable to public health.
 

 A study of the record demonstrates that trailers and trailer camps have their proper place in present-day life when they are used as temporary accommodations for transients as originally intended, but they cannot be expected to meet the more exacting requirements of a permanent home.
 

 Indulging the required presumption of constitutionality, it can not properly be held that the village council did not possess the legislative power to provide the foregoing regulations in order to meet the difficult problems presented. The decrees of the lower courts must be affirmed.
 

 Decree affirmed.
 

 Turner, Matthias and Zimmerman, JJ., concur.
 

 Hart and Williams, JJ., dissent.
 

 Bettman, J., not participating.