**DAVIS et, Appellees, v. McPHERSON et, Appellants.**
**BILLMAN et, Appellees, v. McPHERSON et, Appellants.**

Ohio Appeals, Ninth District, Summit County.

Nos. 4512, 4513. Decided June 8, 1955.

Alva J. Russell, Pros. Atty., Gilbert A. Hartz, Asst. Pros. Atty., Akron, for appellees in Case No. 4512.

Buckingham, Doolittle & Burroughs, Akron, for appellees in Case No. 4513.
Ernest R. Genovese, Akron, for appellants in Each Case.

**OPINION**

By STEVENS, PJ.

The above-captioned appeals on questions of law were heard and submitted together in this court.

The first action, filed in the Common Pleas Court, was one in which the trustees of Bath Township were plaintiffs. Said action sought a temporary and a permanent injunction against defendants to prevent them from maintaining a trailer park, or camp, in alleged violation of the zoning ordinance of Bath Township.

The second-captioned action was filed by 109 property owners of Bath Township against defendants, wherein was sought a temporary and a permanent injunction against defendants maintaining a trailer park, contrary to the provisions of the zoning ordinance of Bath Township.

Upon trial in the Court of Common Pleas, permanent injunctions were issued against defendants maintaining and operating upon their premises the trailer camp presently located and operated thereon.

From the judgments so entered, defendants have appealed to this court on questions of law.

The cases were submitted upon an agreed statements of facts, which is incorporated into the bill of exceptions.

In 1952, pursuant to vote of the electors of Bath Township, Summit County, Ohio, a comprehensive zoning resolution was adopted by the majority of said electors, at a duly-held election, in compliance with the provisions of §519.02 R. C., et seq.

Thereafter, and while said zoning ordinance was in full force and effect, the defendants constructed and operated a trailer park, or camp, within Bath Township. Plans for said park were approved by the Department of Health of the State of Ohio, and permits for the operation thereof were issued by the Summit County Department of Health for the years 1953 and 1954.

No zoning certificate was ever issued to defendants, by the township zoning inspector, to construct or operate the trailer park in question in Bath Township.

The appellants present the following questions:

"(A) Is Article 13, Sec. A-11, of the Zoning Resolution of Bath Township, reading as follows—

" 'No trailer or cabin camp shall be permitted on any land in any of the seven district classifications herein established'—

invalid because it is in violation of Amendment XIV, Section 1, of the Constitution of the United States, and **Article 1, Section 19, Constitution**

of Ohio (1851), and the enabling statute for township zoning (§519.02 R. C.)?

"(B) Is Article 10, Sec. A-3, of the Zoning Resolution of Bath Township, which covers the layout and lot area restrictions of residences, inapplicable to a trailer camp in a business district by reason of it thus being contrary to Regulations 267 and 268 of the Public Health Council pursuant to §3733.01 R. C., et seq, and therefore in conflict with the general law of the state, and thus unconstitutional?"

We think the first question propounded by appellant is answered in the negative by these decisions of the Supreme Court of Ohio: Pritz v. Messer, 112 Oh St 628; State, ex rel. Jack, et al., v. Russell, Bldg. Commr., 162 Oh St 281.

The latter case states:

"1. Zoning ordinances which are not purely fanciful or esthetic but which are reasonable and comprehensive in their application and have a relation to the public health, morals and safety do not violate Sections 1, 16 and 19, Article I of the Ohio Constitution, or Section 1, Article XIV of the Amendments to the Constitution of the United States."

We are of the opinion that the zoning resolution here under consideration is "not purely fanciful or esthetic," but, on the contrary, is "reasonable and comprehensive" in its application, and does have a relation to the public health, morals and safety of Bath Township. See also: Shick v. Ghent Road Inn, Inc., No. 4186, Court of Appeals for Summit County, decided on June 13, 1951.

The wisdom of the adoption of a zoning resolution, which not only prohibits trailer parks, within the township, but which likewise fails to provide any district where they may be constructed or operated, was a question to be decided by the electors of Bath Township By adopting the resolution in question, they decided against the construction and operation of trailer parks within said township.

It is not within the judicial function for this court, under the circumstances here present, to pass upon the wisdom of the adoption of said zoning resolution. Moreover, these defendants entered upon the construction of their trailer park, and have maintained the same with full knowledge (actual and constructive) of the existence of the Bath Township Zoning Resolution, before, during and after said construction.

It follows that defendants acted at their peril; and that, unless the resolution offends constitutional provisions or legislative enactments, the defendants are in violation thereof.

The second question propounded by appellants may be thus paraphrased: Has the state, under the provisions of §3733.01 R. C., et seq, and regulations 267 and 268 of the Public Health Council, enacted in pursuance of said Code sections, pre-empted the field of legislation with respect to the regulation of trailer parks?

That question has likewise been answered in the negative by the Supreme Court of Ohio. In the case of Stary, et al, v. City of Brooklyn, et al, 162 Oh St 120, syllabus 1 states:

"1. Secs. 1235-1 to 1235-5 GC, constitute laws of general application, but, by the enactment of those statutes, the General Assembly of Ohio did not pre-empt the field of legislation with respect to regulation of

trailer camps or trailer parks so as to bar the enactment of municipal legislation on the same subject."

We hold that the Bath Township zoning resolution is reasonably comprehensive in its application, and has a reasonable relation to the preservation of the public health, safety, and morals; that it does not conflict with general laws, and hence is a valid, enforcible enactment; and that the enforcement of the provisions of said resolution against the defendants does not contravene state or federal constitutional provisions.

Judgment affirmed in each case.

HUNSICKER, J, DOYLE, J, concur.