**CARLTON et, Appellees, v. RIDDELL, Appellant.**

Ohio Appeals, Ninth District, Medina County.

No. 261. Decided June 8, 1955.

H. Dennis Dannley, Pros. Atty, Wm. G. Batchelder, Jr., Medina, for appellee.

Beach & Warner, for appellant.

## OPINION

By HUNSICKER, J.

This is an appeal on questions of law from a judgment of the Court of Common Pleas of Medina County, Ohio, wherein that court, on the petition of the plaintiffs as Trustees of Brunswick Township, Medina County, Ohio, "perpetually enjoined and restrained" the defendant "from the maintenance and operation," upon her premises, "of the trailer park

* * * or of any trailer park," and wherein she was "ordered to abate the fixtures, buildings and other facilities installed for the purpose of creating and maintaining such trailer park * * *."

In November, 1950, Brunswick Township, by a vote of its electors, adopted a zoning resolution, by the terms of which (Section 5, subsections 1 to 12, inc.) certain "uses shall be deemed to constitute a nuisance and shall not be permitted in any 'R' or 'B' district." Subsection 11 of Section 5 of this zoning resolution lists "trailer parks" as one of the prohibited uses.

Two districts are established by this zoning resolution, "R" residential, and "B" business and commercial. Land in any district may be used for agricultural purposes. Provision is made for: minimum lot area per family; minimum lot width; set-back building lines; side yards; parking facilities; and other related matters usually found in such resolutions.

Mrs. Riddell, the appellant, is the owner of land in the township located in zone "B" which abuts upon Route 42, a public highway. She is operating a trailer park upon her land, which began operation in a "B" or business district after the enactment of the zoning resolution.

Prior to the commencement of this trailer park, she applied, pursuant to the zoning resolution, for a permit to construct and operate the trailer park. The zoning application is in evidence, and at the bottom of this application is a statement, signed by the zoning inspector, which, in the judgment of this court, indicates that such application to operate a trailer park was refused.

Although the parties sought to introduce evidence on extraneous matters, there is really but one question for this court to determine, and that question is: Have the citizen electors of Brunswick Township the power, under the zoning statute, to prohibit the operation of a trailer park wthin the territorial limits of such township?

Counsel for Mrs. Riddell, the appellant in this case, say: "The concept of zoning is comprehensive to afford a place within the zoned area for every lawful use and business, not to confine to only one or a very few uses and to exclude all others."

Evidence relative to congestion of population, school enrollment, water supply, sewage disposal, and kindred matters, was not presented, since, by stipulation of counsel, the sole contention of the appellant was confined to the proposition that the zoning resolution is invalid for the reason that a trailer park is not a nuisance per se and hence cannot be prohibited within the territorial limits of this township.

It should be noted here that the right to file this action by the township trustees to enjoin and abate a prohibited use (the trailer camp) is expressly provided for by §519.24 R. C., and the power granted a township to adopt a zoning resolution is to be found in §519.02 R. C., et seq. By these later statutes, the township trustees are given the authority to "regulate by resolution" concerning zoning matters. (Emphasis ours.)

The synonyms for the word "regulate," as found in Webster's New International Dictionary, Second Edition, are: "adjust, dispose, methodize, arrange, direct, order, rule, govern, control."

This court has this day decided the case of **Jared Davis, et al., Trus-**

tees of Bath Township, v. George McPherson, No. 4512, Summit County. 72 Abs 232. In that case, a zoning resolution, enacted by the electors of Bath Township, Summit County, Ohio, made no provision for trailer parks within the territorial limits of Bath Township. This court, in passing upon a complaint that, by reason of a failure to provide for trailer camps, such zoning resolution was unconstitutional and hence was void, said:

"The wisdom of the adoption of a zoning resolution, which not only prohibits trailer parks, within the township, but which likewise fails to provide any district where they may be constructed or operated, was a question to be decided by the electors of Bath Township. By adopting the resolution in question, they decided against the construction and operation of trailer parks within said township."

We see no practical difference between a zoning resolution which makes no provision for a use zone for trailer parks, and one, as in the instant case, which prohibits trailer parks in all use zones. In either case, such business use within the territorial limits of the respective township cannot be lawfully conducted.

We find it difficult to understand how any comprehensive zoning plan can be adopted by a township if in every such plan provision must be made for all types and kinds of businesses, and if the zoning resolution is void if any specific business is prohibited.

The Brunswick Township zoning resolution is comprehensive, for it provides for agriculture in all zones (which is usually the predominant use of township lands), business and commercial uses (to provide food, drug and department stores, and other such uses), and residences.

The question as to the reasonable relationship of this trailer park prohibition to the health, morals, safety and welfare of the community is, by agreement of counsel, not involved herein. The issue is narrowly limited, as herein above set out, to the right to exclude from a zoning resolution a legal business enterprise.

We believe that our question herein is answered by the case of **Smith, et al., v. Juillerat, et al., 161 Oh St 424,** wherein the court said, concerning a township zoning resolution:

"2. The purpose of a zoning ordinance is to limit the use of land in the interest of the public welfare.

"3. Where a zoning ordinance is general in its application, the classifications as to uses to which the property may be devoted are reasonable, and preexisting vested rights are recognized and protected, the ordinance is a valid exercise of the police power."

See also: **Stary, et al., v. City of Brooklyn, et al., 162 Oh St 120. State, ex rel. Jack, v. Russell, Bldg. Commr., 162 Oh St 281.**

We therefore determine that the township trustees and electors of Brunswick Township had the power to adopt the zoning resolution prohibiting the establishment of a trailer park or camp wthin the territorial limits of such township, and that such prohibition is not violative of any constitutional provision.

The judgment of the Court of Common Pleas is affirmed.

STEVENS, PJ, DOYLE, J, concur.