THE STATE, EX REL. CUNAGIN CONSTR. CORP., APPELLEE, *v.*
CREECH, MAYOR, ET AL., APPELLANTS.

[Cite as State, ex rel. Cunagin Constr. Corp., v. Creech,
16 Ohio App. 2d 114.]

(No. 1312—Decided October 14, 1968.)

*Messrs. Holbrock & Jonson,* for appellee.
*Mr. Robert F. Wessel,* city solicitor, for appellants.

SHANNON, J.   This comes before us as an appeal on
questions of law and fact from an order of the Court of
Common Pleas of Butler County allowing a writ of man-
damus.

In October, 1967, plaintiff, appellee herein, a corpora-
tion, applied to the Council of the city of Fairfield, Ohio,
and to its planning commission for a permit to construct
a "trailer park" on certain real estate which the corpora-

tion had an option to purchase. After consideration of the application, the planning commission recommended to the council that the permit not be granted. Accordingly, the permit was denied.

On December 4, 1967, plaintiff filed a petition for a writ of mandamus in the Court of Common Pleas of Butler County seeking an order to compel the Council of the city of Fairfield to cause a use permit to issue. The court refused to order a writ of mandamus, observing that appeal from the order of council was the proper remedy, although at that juncture the period for such action had expired. Consequently, a second application for a permit was filed by plaintiff on February 20, 1968.

The planning commission notified plaintiff that until certain supporting matter, that is, "plans complete with all data necessary to show conformity to all requirements as established under the ordinance pertaining to trailer coach parks," was supplied, the new application could not be considered. It is conceded that plaintiff did not comply with such request.

Therefore, no action upon the application was taken by the planning commission. Plaintiff then filed a second suit in mandamus, which came on for hearing May 29, 1968, and which resulted in the order appealed here.

The court below held that the plaintiff was entitled to a writ of mandamus because: the request of the planning commission was "unreasonable in view of the information previously submitted," referring to the material supporting the first application for a use permit; the information sought can be insisted upon before the issuance of a building permit to plaintiff; and "an unreasonable period of time has elapsed before the planning commission and council have taken action."

In so deciding, the trial court relied upon the pronouncement of paragraph two of the syllabus of *State, ex rel. The Killeen Realty Co.,* v. *East Cleveland,* 169 Ohio St. 375, to wit:

"Where the doing of an act which is a prerequisite to the performance of an assigned function of a municipal

authority would be onerous and expensive and the doing of which act would be a vain thing, and where the failure to do such act is not the ground for refusal by the municipal authority to perform its assigned function, failure to do that act will not constitute a bar to an action in mandamus to compel the performance of such function upon the subsequent doing of such act."

Although it appears that *Killeen, supra,* is no longer the law in Ohio (see *State, ex rel. Sibarco Corp.,* v. *Berea,* 7 Ohio St. 2d 85, particularly opinion of Taft, C. J., concurring, at page 93), it is unnecessary here so to determine because the case at bar is distinguishable from it.

As was pointed out in *Killeen, supra,* it was "abundantly clear" that to have made a formal filing of complete plans and specifications would have been "to perform a useless act" and that the refusal to grant the permit was never bottomed upon the absence of such. In our case, such are not the circumstances.

Here, we are confronted with a second application in identical form as the original which was denied. In effect, then, plaintiff seeks a reconsideration or review of his application. The record is abundantly clear that the planning commission has failed to act on the application because plaintiff refuses to submit supporting data. Additionally, while it is argued that to supply the data would put the plaintiff to "great" expense, there is nothing in the record to substantiate that claim. Nor can we conclude from the record that to submit the information would be a vain thing. We find that, upon the facts before us, the request of the planning commission is reasonable and that the inaction complained of on their part is due to the arbitrary decision of plaintiff itself.

Section 525.02 of Chapter 25 of the Zoning Ordinance of the city of Fairfield, provides, in part, that:

"(a) A building or premises may be used for any purpose not in conflict with any ordinance of the city of Fairfield regulating nuisances; provided, however, that no building or occupancy permit will be issued for any of the following uses until and unless the location of such use

shall have been approved by the city council after *report by* the chief of the fire department, the commissioner of health and *the city planning commission."* (Emphasis added.)

The issue as we see it is whether a city council can be compelled by a writ of mandamus to act on an application for a use permit, in the absence of a report of a planning commission required by controlling legislation where the applicant refuses to meet a reasonable condition established by such planning commission.

In answering this question in the negative, we point out that it is fundamental that the act whose performance is to be enforced by mandamus must be one which the law specially enjoins as a duty resulting from an office, that is, the duty must be mandatory. 35 Ohio Jurisprudence 2d 260, Mandamus, Section 17, and cases cited thereunder.

The question of constitutionality and validity of the ordinance urged in argument is not properly before us nor, apparently, was it considered by the court below.

The order allowing the writ of mandamus is set aside and held for naught and final judgment will be entered here for the defendants-appellants.

*Judgment accordingly.*

LONG, P. J., and HILDEBRANT, J., concur.