THE STATE, EX REL. CUNAGIN CONSTR. CORP., *v.* CREECH, MAYOR, ET AL.

(No. 1324—Decided February 10, 1969.)

*Mr. Dale G. Schmidt* and *Messrs. Holbrock & Jonson,* for relator.

*Mr. Robert F. Wessel,* city solicitor of Fairfield, for respondents.

SHANNON, J. This comes before us on a petition for a writ of mandamus, filed by a corporation seeking a permit to use certain real estate as a trailer park, to compel respondents to act upon its request.

The controversy, in one form or another, has been before the courts on several occasions. Therefore, a recitation of events is essential to an understanding of our resolution of the issues.

In October 1967, relator made application to the Council of the city of Fairfield for a permit to construct and install a trailer park on real estate on which they had an option. After administrative processing the application was denied by council on November 13, 1967.

On December 4, 1967, relator sought a writ of mandamus to compel the issuance of a permit, which was denied by the Common Pleas Court of Butler County.

On February 20, 1968, relator again applied to the Council of the city of Fairfield through its planning department for an identical permit. The matter was again

referred to the planning commission which asked for detailed plans and drawings. At the same time, relator was advised that the planning commission had recomended to council amendment of the zoning ordinance of the city so as to prohibit trailer parks; further, that if the plans and drawings were not submitted by relators so that action could be taken by council prior to amendment the applicacation would be void.

Relator chose not to comply with the request of the planning commission and, again, on April 17, 1968, filed suit in the Common Pleas Court seeking a writ of mandamus.

The Zoning Ordinance of the city of Fairfield was amended so as to prohibit trailer parks on April 29, 1968.

On June 25, 1968, the Common Pleas Court issued a writ of mandamus ordering the planning commission and council to act on the application.

Respondents appealed to this court which reversed the Common Pleas Court on October 14, 1968.

On November 5, 1968, relator submitted the information requested by the planning commission March 20, 1968, and was informed that trailer parks were not permitted in the city of Fairfield.

The petition giving rise to this case was filed November 19, 1968.

At first glance it would appear that the prayer of the petition should be granted. Upon reflection, however, some facets of the problem compel the application of basic principles of law that bring us to an opposite conclusion.

Relator had a right to an answer from respondents upon its application for a use permit. However, exhibit "B" before us is a letter dated November 14, 1968, which unequivocally informs relator through counsel that the application was rejected. Consequently, relator already has had what it seeks this court to order it be given. If we were to grant the prayer of the petition, it is obvious that we would be ordering the doing of a vain act.

If the action of relator here be taken as a prelude to an appeal, a remedy which was pointed out to it by the

Butler County Court of Common Pleas upon relator's first resort to that body, its avenue of relief appears to be closed by the pronouncement of the Supreme Court in *Gibson* v. *Oberlin,* 171 Ohio St. 1. In *Gibson,* the court said in the initial paragraph of the decision:

"The single question presented * * * is whether the issuance of a building permit is governed by the law in effect at the time of the application for such permit or is governed by an amendment to such law enacted during the pendency of litigation to compel the issuance thereof."

In determining that the law in effect at the time of the application for the permit governs the disposition thereof, the Supreme Court apparently has supplied the answer in the case at bar.

Relator was advised during the pendency of its application filed February 20, 1968, by letter dated March 20, 1968 (exhibit "A"), of the anticipated amendment of the ordinance. Ultimately, this court ruled that relator had refused to meet a reasonable condition established by the planning commission and denied the application for a writ of mandamus. See *State, ex rel. Cunagin Constr. Corp.,* v. *Creech,* 16 Ohio App. 2d 114. No appeal was taken from our decision.

Therefore, the action taken by relator on November 5, 1968, can only be considered, at best, to be a new application governed by the law now in effect, which prohibits the use sought.

*Writ denied.*

LONG, P. J., and HILDEBRANT, J., concur.