## STATE v. WARREN L. VADNAIS.

202 N. W. 2d 657.

November 24, 1972—No. 42927.

18

*John H. Rheinberger,* for appellant.

*Eckberg, Lammers & Briggs* and *Robert G. Briggs,* for respondent.

*Louis W. Claeson, Jr.,* for the League of Minnesota Municipalities, amicus curiae.

ROGOSHESKE, JUSTICE.

Defendant was convicted and sentenced to 30 days' imprisonment by the Municipal Court of Washington County for parking a mobile home trailer upon his land in violation of Ordinance No. 27 of the township of Forest Lake. The ordinance in essence prohibits use as a dwelling or parking of any type of mobile house trailer within the township except in a licensed trailer court or for a 6-month period in connection with a construction project. Because the evidence in our opinion compels a finding of discriminatory enforcement of the ordinance, we reverse defendant's conviction and dismiss the prosecution.

It is not disputed that defendant parked a mobile home trailer owned by his wife's mother upon his 1½-acre tract of rural-type land next to his three-bedroom home and connected it to his private water system and the township's sewer system to temporarily house his ailing mother-in-law until he could, within a year or so, add a bedroom to his home. His oral requests for permission to park the trailer, supported by a signed petition of some 20 of his neighbors, were denied by Forest Lake officials, who explained that the ordinance authorized no such permission. Although the ordinance authorized establishment of li-

censed "mobile home courts" or "trailer courts," none existed within the township at the time of defendant's conviction.

Defendant asserted in defense at trial, and with varied emphasis on appeal, that (1) the ordinance was not legally adopted; (2) it was enforced against him and not against others who similarly parked residential trailers within the township; and (3) it was unconstitutional as an arbitrary and unreasonable exercise of the township's police power because the comprehensive and exacting provisions required to establish a licensed trailer park, and the absence of any such park, amounted to a total prohibition of parking occupied trailers within the township except in connection with a construction project.

■ We accept as settled law that under the equal protection clause of U. S. Const. Amend. XIV persons accused of violating a municipal regulatory ordinance imposing penal sanctions are protected from an intentional discrimination in the enforcement of the ordinance. Yick Wo v. Hopkins, 118 U. S. 356, 6 S. Ct. 1064, 30 L. ed. 220 (1886).[1] A conscious exercise of some selectivity in enforcement, based on a rational exercise of police or prosecutorial discretion or a mere laxity in enforcement, does not itself establish a constitutional violation. However, an intentional or deliberate decision by public officials, acting as agents of the state, not to enforce penal regulations against a class of violators expressly included within the terms of such penal regulation does, in our view, under the principle of Yick Wo, constitute a denial of the constitutional guarantee of equal protection of the laws. See, Annotation, 4 A. L. R. 3d 404.[2]

The ordinance in question expressly provides that "mobile homes, trailer homes, portable structures, or any similar unit

---

[1] See, also, Mangold Midwest Co. v. Village of Richfield, 274 Minn. 347, 361, 143 N. W. 2d 813 (1966); People v. Utica Daw's Drug Co. Inc. 16 App. Div. 2d 12, 225 N. Y. S. 2d 128, 4 A. L. R. 3d 393 (1962); People v. Walker, 14 N. Y. 2d 901, 252 N. Y. S. 2d 96, 200 N. E. 2d 779 (1964).

[2] See, also, Comment, 61 Col. L. Rev. 1103; Note, 59 Yale L. J. 354; Hall, Kamisar, LaFave, & Israel, Modern Criminal Procedure, c. 14.

substantially constructed or assembled prior to its location within the Town of Forest Lake shall not be used as a dwelling or residence or accessory building, or *parked"* (italics supplied) within the town except in licensed trailer courts or, when necessary for supervision or safety, at construction sites, provided approval is given by the town board. A violation is punishable by a fine not exceeding $100 or imprisonment not exceeding 90 days. Despite this all-inclusive prohibition against the parking of any house trailer, two township officials, one of whom initiated this prosecution, testimonially admitted that the ordinance was not enforced except where a trailer was used as a dwelling or residence. Furthermore, it was acknowledged that there are a "lot of people" in the township who park "campers" and "portable structures suitable to live in" on their premises. The reasons given for the practice, in the opinion of the town board member who helped draft the ordinance, were (1) that the prohibition does not expressly include "camper trailers"; and (2) a "camper" is not considered a mobile home, even though the intent when the ordinance was enacted was to prohibit the parking of "everything that could be construed to be a mobile home." [3] Additionally, there is unimpeached and unrefuted testimony by defendant describing five mobile-home-type trailers which, at the time of trial, were parked in the township—one used as a dwelling and two parked on lands neighboring those of the chairman and a member of the town board. Defendant further testified that he observed throughout the "summer, spring, and fall" numerous "campers" and "trailers" parked for long periods of time at a resort on a lake located within the township.

In our opinion, both the township officials and the trial court erred in interpreting the parking prohibition of the ordinance to exclude a class of violators expressly intended to be included. The evidence therefore compels a conclusion that the township officials intentionally, deliberately, or systematically discrim-

---

[3] The intended all-inclusive definition was provoked by problems of enforcing an earlier 6-month-permit type of ordinance.

inated in the enforcement of the ordinance. Having failed to rebut the proof which established the validity of the constitutional defense, the officials of Forest Lake township are precluded from prosecuting this defendant until such time as the town board amends the ordinance or enforces it in a nondiscriminatory manner in accordance with the equal protection clause of the Fourteenth Amendment. People v. Utica Daw's Drug Co. Inc. 16 App. Div. 2d 12, 225 N. Y. S. 2d 128, 4 A. L. R. 3d 393 (1962).

■ We recognize that the scope of the constitutional prohibition against discriminatory enforcement of penal statutes of varying degrees is far from settled. We are further mindful that the same is true regarding the availability of the constitutional prohibition as a defense, the proof by which the defense can be established, and the procedure for raising it.[4] However, we are satisfied that in this type of case, which involves what may be legally characterized as a petty offense—one not intrinsically harmful—, a defendant should be permitted to raise the defense at trial and, upon adequate proof of intentional discrimination, be granted the relief of dismissal. This is so, in our opinion, not because defendant did not violate the ordinance but because justice demands that a court must not lend itself to a prosecution which would abridge a fundamental constitutional right. To do otherwise would be to "grant the right but in reality to withhold its privilege and enjoyment." Mapp v. Ohio, 367 U. S. 643, 656, 81 S. Ct. 1684, 1692, 6 L. ed. 2d 1081, 1090 (1961).

The two remaining issues, as developed at trial, involved questions of fact. There was a factual dispute as to whether the ordinance was passed in compliance with Minn. St. 412.191, subd. 4, governing adoption, signing, and publication. The evidence amply sustains the determination that the ordinance was legally enacted. Similarly, there was no showing that a trailer court or park could not be established in the community because of unavailable land or land-use restrictions or because the require-

---

[4] See those cases collected and reviewed in the references cited above and in footnote 2, *supra.*

ments for a license to establish such a court were impossible to meet. Without such a factual showing, there exists no evidentiary basis to support defendant's claim that the ordinance amounted to absolute prohibition against the parking of mobile homes. See, Annotation, 96 A. L. R. 2d 232, § 3.

Reversed.