## In the Matter of the WELFARE OF B.A.H., Child.

### No. A12–1347.

Court of Appeals of Minnesota.

April 22, 2013.

Lori Swanson, Attorney General, St. Paul, MN; and Janet Reiter, Chisago County Attorney, Beth A. Beaman, Anne M. Zimmerman, Assistant County Attorneys, Center City, MN, for respondent.

David W. Merchant, Chief Appellate Public Defender, Danail Milkov Mizinov, Special Assistant Public Defender, St. Paul, MN, for appellant.

Considered and decided by STAUBER, Presiding Judge; BJORKMAN, Judge; and TOUSSAINT, Judge.

## OPINION

TOUSSAINT, Judge.*

On appeal from the order adjudicating him delinquent, appellant argues that, as applied to him, a boy under age 16 who engaged in sexual penetration with his first cousin, also a boy under age 16, Minn. Stat. § 609.342, subd. 1(g) (2010), violates due process because it encourages arbitrary and discriminatory enforcement and it violates equal protection when only appellant was prosecuted, even though both boys committed first-degree criminal-sexu-

* Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to

Minn. Const. art. VI, § 10.

al conduct. Because we find that prosecution of appellant under Minn.Stat. § 609.342, subd. 1(g), violated his rights to due process and equal protection, we reverse.

## FACTS

On a weekend night in September 2011, 13–year–old X.X. had a sleepover with his 14–year–old first cousin, appellant B.A.H. The boys stayed up late and drank liquor that appellant had taken from his parents' liquor cabinet. Appellant suggested that the boys experiment sexually. X.X. said, "I didn't want to do it but he convinced me because he's my favorite cousin . . . ."

While lying in bed together, appellant removed X.X.'s jeans and put his mouth on X.X.'s penis and sucked on it. Appellant then asked X.X. to suck on appellant's penis, but X.X. declined. At that point, appellant removed his own clothing, straddled X.X., and placed X.X.'s penis into appellant's anus. Appellant began masturbating and moving up and down on X.X.'s penis. Appellant asked X.X. to touch him, but X.X. declined. X.X. then told appellant to stop while appellant was masturbating. Afterwards, appellant told X.X. not to tell anyone or he would kill X.X., but X.X. told a forensic interviewer, "I think it was more like an exaggeration, he said he just didn't want me to tell anybody . . . . [c]ause ah he said he was um bi." When the interviewer asked X.X. whether appellant had told X.X. that he couldn't leave, X.X. responded, "Ah, he didn't say anything (inaudible) wasn't really like forcing me to do this he was just convincing me to do it."

A juvenile-delinquency petition was filed charging appellant with a single count of first-degree criminal sexual conduct pursuant to Minn.Stat. § 609.342, subd. 1(g). He moved to dismiss the charge, arguing that the statute was unconstitutional as applied to him because it violated his rights to due process and equal protection and that applying the statute to his conduct would yield an absurd result. Without analysis, the district court concluded that the statute was not unconstitutional and denied appellant's motion to dismiss.

Following a trial on stipulated facts to preserve this pretrial issue for appeal, the district court issued an order adjudicating appellant delinquent.[1] Appellant challenges the denial of his motion to dismiss the charge on constitutional grounds.

## ISSUE

Is Minn.Stat. § 609.342, subd. 1(g), unconstitutional as applied to appellant?

## ANALYSIS

Appellant was prosecuted under Minn. Stat. § 609.342, subd. 1(g), which states,

A person who engages in sexual penetration with another person . . . is guilty of criminal sexual conduct in the first degree if any of the following circumstances exists:

. . . .

(g) the actor has a significant relationship to the complainant and the complainant was under 16 years of age at the time of the sexual penetration. Neither mistake as to the complainant's age nor consent to the act by the complainant is a defense.

" 'Actor' means a person accused of criminal sexual conduct." Minn.Stat. § 609.341, subd. 2 (2010). " 'Complainant' means a person alleged to have been subjected to

---

1. Although the Minnesota Rules of Juvenile Procedure do not provide for a trial on stipulated facts, that procedure has been applied in juvenile proceedings. *See, e.g., In re Welfare of R.J.E.,* 642 N.W.2d 708, 711 (Minn.2002).

criminal sexual conduct...." *Id.*, subd. 13 (2010). The term "significant relationship" includes first cousins. *Id.*, subd. 15(2) (2010). " 'Sexual penetration' means any of the following acts committed without the complainant's consent, except in those cases where consent is not a defense, whether or not emission of semen occurs: (1) sexual intercourse, cunnilingus, fellatio, or anal intercourse...." *Id.*, subd. 12 (2010).

Appellant argues that, as applied to him, Minn.Stat. § 609.342, subd. 1(g), is unconstitutional in two ways. First, he argues that the statute is vague where both persons are under the age of 16 and have a significant relationship, violating his right to due process. Second, he argues that the statute was applied in an arbitrary manner, violating his right to equal protection.

■■■ The constitutionality of a statute presents a question of law that is subject to de novo review. *State v. Bussmann,* 741 N.W.2d 79, 82 (Minn.2007). "Minnesota statutes are presumed to be constitutional and [a court's] power to declare a statute unconstitutional should be exercised with extreme caution and only when absolutely necessary." *Id.* at 85 (quotation omitted). The party challenging a statute's constitutionality must establish "beyond a reasonable doubt that the statute violates a provision of the constitution." *State v. Grossman,* 636 N.W.2d 545, 548 (Minn.2001). The district court held that appellant failed to meet his burden of establishing that the statute is unconstitutional.

## A. Due Process

No person shall be deprived of life, liberty, or property without due process of law. U.S. Const. amends. V, XIV, § 1; *see also* Minn. Const. art. I, § 7 ("No person shall be held to answer for a criminal offense without due process of law."). "The due process protection provided under the Minnesota Constitution is identical to the due process guaranteed under the Constitution of the United States." *Sartori v. Harnischfeger Corp.,* 432 N.W.2d 448, 453 (Minn.1988).

■■■ Juvenile delinquency proceedings "must measure up to the essentials of due process and fair treatment." *In re Gault,* 387 U.S. 1, 30, 87 S.Ct. 1428, 1445, 18 L.Ed.2d 527 (1967). "[T]he right to due process includes the right to not be convicted and punished based on an unconstitutionally vague statute." *State v. Phipps,* 820 N.W.2d 282, 285 (Minn.App.2012). "The void-for-vagueness doctrine requires that 'a penal statute define the criminal offense with sufficient definiteness that ordinary people can understand what conduct is prohibited and in a manner that does not encourage arbitrary and discriminatory enforcement.'" *Bussmann,* 741 N.W.2d at 83 (quoting *Kolender v. Lawson,* 461 U.S. 352, 357, 103 S.Ct. 1855, 1858, 75 L.Ed.2d 903 (1983)). A statute authorizes or encourages arbitrary and discriminatory enforcement when it lacks adequate standards restricting the discretion of the governmental authority that applies it. *Giaccio v. Pennsylvania,* 382 U.S. 399, 402–03, 86 S.Ct. 518, 520–21, 15 L.Ed.2d 447 (1966). Courts have identified this second prong of the void-for-vagueness doctrine as "the more important aspect" of the vagueness doctrine. *City of Mankato v. Fetchenhier,* 363 N.W.2d 76, 78 (Minn.App.1985) (quoting *Kolender,* 461 U.S. at 357, 103 S.Ct. at 1858).

Appellant argues Minn.Stat. § 609.342, subd. 1(g), is unconstitutionally vague. Appellant is correct. Minn.Stat. § 609.342, subd. 1(g), is unconstitutionally vague and encourages arbitrary and discriminatory enforcement when applied to situations where both parties are under

the age of 16 and each person has a significant relationship to the other because, in such a case, the statute does not provide any basis for establishing which party is the actor.

▓ The Ohio Supreme Court recently addressed a very similar case. *In re D.B.*, 129 Ohio St.3d 104, 950 N.E.2d 528, 533 (2011) (holding that prosecution under statutory-rape statute violated due process where D.B. and two other boys, all under age 13, engaged in sexual activity, but only D.B. was prosecuted), *cert. denied,* —— U.S. ——, 132 S.Ct. 846, 181 L.Ed.2d 563 (2011). The statute at issue in *D.B.* was similar to Minn.Stat. § 609.342, subd. 1(g); it applied to those who engaged in sexual conduct with persons under the age of 13. *Id.* at 531. D.B. argued that, as applied to him, the statute violated due process because it "fail[ed] to provide guidelines that designate which actor is the victim and which is the offender, resulting in arbitrary and discriminatory enforcement." *Id.* at 532. The Ohio court agreed:

> The prosecutor's choice to charge D.B. but not M.G. is the very definition of discriminatory enforcement. D.B. and M.G. engaged in sexual conduct with each other, yet only D.B. was charged. The facts of this case demonstrate that [the challenged statute] authorizes and encourages arbitrary and discriminatory enforcement when applied to offenders under the age of 13. The statute is thus unconstitutionally vague as applied to this situation.

*Id.* at 533.

We find the reasoning in *D.B.* persuasive. As in *D.B.*, the statutory provision at issue here does not make clear which party is the complainant and which is the actor when both parties are under age 16 and each person has a significant relationship to the other. In contrast, other first-degree criminal-sexual conduct provisions establish clear criteria for determining the actor based on the ages or the actions of the parties. *See* Minn.Stat. § 609.342, subd. 1(a) (2010) (complainant under 13 and actor more than 36 months older); *id.*, subd. 1(b) (2010) (complainant at least 13 but less than 16 and actor more than 48 months older and in a position of authority); *id.*, subd. 1(d) (2010) (actor armed with a dangerous weapon); *id.*, subd. 1(e) (2010) (actor causes personal injury to complainant under certain circumstances); *id.*, subd. 1(f) (2010) (actor aided or abetted by one or more accomplices under certain circumstances); *id.*, subd. 1(h) (2010) (actor has significant relationship to complainant under 16 and used force or coercion, the complainant suffered injury, or the abuse involved multiple acts over an extended period of time).

Here, appellant and X.X. were both under the age of 16, both engaged in sexual penetration, and each had a significant relationship to the other. Under these facts, both X.X. and appellant clearly violated Minn.Stat. § 609.342, subd. 1(g), and the prosecutor's decision to prosecute only appellant is the very definition of arbitrary and discriminatory enforcement.

▓ Respondent argues that only appellant was charged because he "was the perpetrator who initiated the events that led to the charges by talking the victim into the contact...." But this fact has no legal significance because "initiating" the act or "convincing" the complainant are not elements of the offense charged here. Under the plain language of the statute, both X.X. and appellant were "actors" because they had a significant relationship and each of them engaged in sexual penetration with a person under the age of 16.

Respondent also argues that only appellant was charged because the complainant did not consent. Again, neither party in

this case could validly consent to sexual penetration because both were under the age of 16, so the issue of consent plays no role in determining whether a person violates the statute. Minn.Stat. § 609.342, subd. 1(g); *see also D.B.*, 950 N.E.2d at 533. We note that appellant could have been charged under Minn.Stat. § 609.342, subd. 1(h), if respondent had alleged that appellant used force or coercion to accomplish the penetration. But appellant was charged under Minn.Stat. § 609.342, subd. 1(g), which requires only proof of age and that the actor has a significant relationship to the complainant. Because both appellant and X.X. violated the statute, yet only appellant was charged in this case, we conclude that Minn.Stat. § 609.342, subd. 1(g), was enforced in an arbitrary and discriminatory manner, in violation of appellant's due-process rights.

### B. Equal Protection

Next, appellant argues that Minn.Stat. § 609.342, subd. 1(g), violates his right to equal protection under the United States and Minnesota Constitutions. He argues that, although similarly situated, he and X.X. were treated differently, and that such selective enforcement of the law denied him his right to equal protection.

The Fourteenth Amendment to the United States Constitution guarantees that no state will "deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1. The Minnesota Constitution similarly guarantees that "[n]o member of this state shall be disenfranchised or deprived of any of the rights or privileges secured to any citizen thereof, unless by the law of the land or the judgment of his peers." Minn. Const. art. 1, § 2. "Both clauses have been analyzed under the same principles and begin with the mandate that all similarly situated individuals shall be treated alike,

but only invidious discrimination is deemed constitutionally offensive." *Kolton v. Cnty. of Anoka*, 645 N.W.2d 403, 411 (Minn.2002) (quotations omitted).

As a threshold matter, we must first determine whether similarly situated individuals are or can be treated differently under Minn.Stat. § 609.342, subd. 1(g). *Schatz v. Interfaith Care Ctr.*, 811 N.W.2d 643, 656–57 (Minn.2012). As discussed above, appellant and X.X. were similarly situated, yet treated differently under the statute. Both boys were under the age of 16, had a significant relationship to each other, and engaged in sexual penetration. Under Minn.Stat. § 609.342, subd. 1(g), both boys committed a crime, but only appellant was charged.

Respondent argues that the selective enforcement of the statute was a matter of prosecutorial discretion. "[S]o long as the prosecutor has probable cause to believe that the accused committed an offense defined by statute, the decision whether or not to prosecute ... generally rests entirely in his discretion." *Bordenkircher v. Hayes*, 434 U.S. 357, 364, 98 S.Ct. 663, 668, 54 L.Ed.2d 604 (1978). Selective prosecution of a statute is constitutional if there is a rational basis for the selectivity. *City of Minneapolis v. Buschette*, 307 Minn. 60, 69, 240 N.W.2d 500, 505 (1976). But "an intentional or deliberate decision by public officials, acting as agents of the state, not to enforce penal regulations against a class of violators expressly included within the terms of such penal regulation does ... constitute a denial of the constitutional guarantee of equal protection of the laws." *State v. Vadnais*, 295 Minn. 17, 19, 202 N.W.2d 657, 659 (1972).

Respondent argues that it "possessed a rational basis for selecting [a]ppellant for prosecution over his cousin, the victim, because the victim could not validly con-

sent to the sexual penetration and because [a]ppellant perpetrated the crime." But, as discussed above, both appellant and X.X. committed the crime, and neither could validly consent to the penetration; initiating the contact has no legal significance under the statute. Because appellant and X.X. were both under the age of 16 at the time of the sexual penetration, both were members of the protected class, and both could have been charged with the offense, application of the statute to a single party violates the Equal Protection Clauses' mandate that "all similarly situated individuals shall be treated alike." *See Kolton*, 645 N.W.2d at 411.[2]

Finally, appellant argues that his prosecution under Minn.Stat. § 609.342, subd. 1(g), produces an absurd result and must be construed as inapplicable to underage first cousins engaging in sexual penetration because it criminalizes conduct for underage first cousins that is legal for adult first cousins. Appellant concedes that this specific issue was not raised to the district court, although he did argue that applying the statute would lead to an absurd result for another reason. But appellant may not "obtain review by raising the same general issue litigated below but under a different theory." *Thiele v. Stich*, 425 N.W.2d 580, 582 (Minn. 1988). Because appellant raises a new theory on appeal as to why application of

the statute to this case produces an absurd result, we do not address this issue.

## DECISION

Because Minn.Stat. § 609.342, subd. 1(g), does not provide any basis or objective criteria for determining who is the actor and who is the complainant when both parties are under the age of 16 and each person has a significant relationship to the other, and because appellant was singled out for prosecution, appellant's prosecution pursuant to the statute violated his rights to due process and equal protection.

**Reversed.**

---

**2.** Respondent relies on *In re M.A.B.*, No. CO–96–2166, 1997 WL 406615, at *1–2 (Minn. App. July 22, 1997) (concluding that equal protection rights of 12–year–old boy who engaged in "consensual" sexual intercourse with 12–year–old girl ten days younger than himself were not violated when he was charged under Minn.Stat. § 609.344, subd. 1(a) (1996)), *review denied* (Minn. Sept. 18, 1977). Respondent's reliance is misplaced for two reasons. First, as an unpublished opinion of this court, *M.A.B.* has no precedential value. *See* Minn.Stat. § 480A.08(3)

(2012). Second, *M.A.B.* is distinguishable because Minn.Stat. § 609.344, subd. 1(a), defines third-degree criminal sexual conduct as occurring when "a complainant is under 13 years of age and the actor is no more than 36 months older than the complainant"; therefore, it applied to the actor in *M.A.B.*, who was less than 36 months older than a complainant who was under 13. *Id.* at *3 (quotation omitted). Here, Minn.Stat. § 609.342, subd. 1(g), has no objective criteria to differentiate between the complainant and the actor.