## CIRCUIT COURT OF CHESTERFIELD COUNTY

Chesterfield County

v.

Lawless

June 7, 1989

Case No. 89-335

By JUDGE WILLIAM R. SHELTON

On May 25, 1989, argument was presented in regard to Defendant's motion to dismiss the summons and charge pending. Defendant argues the following:

1. The summons fails to state a crime.
    a. Section 21-10 of the Chesterfield Code, in accordance with Section 15.1-491(e) of the Virginia Code provides that any violation of the zoning ordinance shall be a misdemeanor.
    b. Defendant by amended summons, has been charged with violation of Sections 21-10 and 21-34 of the Chesterfield County Code, "To Wit: Dumping unlawful items and inadequate buffer on a lot of land, in violation of Conditional use permit."
    c. Issuance of a use permit does not effect an amendment of the zoning ordinance whose violation can be criminally enforced as a violation of the ordinance. *See Essick v. City of Los Angeles*, 213 P.2d 492 (1950).
    d. Defendant is without sufficient legal notice that noncompliance with the terms of the use permit risks imposition of criminal sanctions, and therefore, unenforceable. *See Wiley v. Hanover County*, 209 Va. 153 (1968). Where an ordinance does not clearly indicate that a failure to comply with the conditions attached to a conditional

use permit constitutes a crime, such vagueness in the application of criminal sanctions is constitutionally impermissible. *See State v. Larson Tr. & Storage, Inc.,* 246 N.W.2d 176 (1976); *State v. Owens,* 562 P.2d 738 (Ariz. App. 1977).

2. The County's authority to regulate landfill activities has been preempted by state law and violates Dillon's rule.

a. *See* Sections 10.1-1402, 10.1-148.1 (permits limited rule of locality), 10.1-1409, 10.1-1455(D) (enforcement by Commonwealth) of the Virginia Code.

b. *See also* 1985-1986 Report of the Attorney General 17-19, 1981-1982 Reports of the Attorney General, 273, 275.

The County responds:

1. Pursuant to Section 21-22 of the Chesterfield Code, the conditions of the use permit are noted on the zoning district maps and are therefore a part of the zoning ordinance. Noncompliance with the conditions of the use permit constitutes "any violation of the zoning ordinance," warranting sanctions pursuant to Section 21-10 of the Chesterfield Code.

2. Section 15.1-486, *et seq.,* reasonably imply that the County may regulate landfill activities. The Permit granted by the State's Department of Waste Management acknowledges the ability of the locality to regulate such activities. *See* condition no. 6 of the permit. *See also* The Opinion of the Attorney General, dated January 15, 1982, to Honorable Warren E. Barry.

Upon consideration of the arguments presented, Defendant's motion to dismiss the summons and charge pending is granted. The Chesterfield Code does not clearly indicate that a failure to comply with the conditions set forth in a use permit constitutes a crime. Counsel for Defendant is directed to draft an order in accordance with this opinion.

The County has the authority to impose criminal sanctions assuming that the conditions are incorporated by the zoning ordinance. Section 15.1-491 of the Virginia Code necessarily implies that the County may prosecute

violations of conditional use permits as violations of a zoning ordinance.

Section 15.1-486, *et seq.*, and 15.1-522 of the Virginia Code permit the County to impose reasonable restrictions on landfill activities. Dillon's rule has not been violated.

The County has not been preempted from restricting certain landfill activities. The Department of Waste Management, empowered by the State to regulate the operation of landfills, has incorporated the terms of the County permit by the conditions set forth in the State permit. Condition No. 6 of the state permit provides:

> Should Chesterfield County close this facility because of failure to comply with local ordinances or for any other reasons, this permit shall become null and void.

The County erroneously argues that the Chesterfield Code incorporates the conditions of the use permit with the zoning ordinance. The provision relied upon by the County, Section 21-22 of the Chesterfield Code, fails to provide notice that the terms of a conditional use permit are considered as a part of the zoning ordinance. Section 21-22, in part, provides:

> All notations, references, and other information shown thereon shall have the same force and effect as though fully set forth and descried in this Chapter.

Penal statutes are strictly construed against the government and must be reasonably definite as to persons and conduct within their purview so that people of ordinary intelligence will not have to guess at their meaning and application. *Smith v. Commonwealth*, 3 Va. App. 650, 655 (1987); *Harward v. Commonwealth*, 229 Va. 363, 365 (1985); *Wiley v. Hanover County*, 209 Va. 153 (1968). The application of criminal sanctions for violation of vague provisions of a zoning ordinance is constitutionally impermissible. *See State v. Larson Tr. and Storage, Inc.*, 246 N.W.2d 176 (1976); *State v. Owens*, 562 P.2d 738 (Ariz. App. 1977).

182

The recital, "All notations, references, and other information . . ." fails to provide adequate notice that terms of the conditional use permit are made a part of the zoning ordinance, thereby subjecting a permit holder to criminal sanctions. Although the terms may in fact be noted on the zoning district map, the incorporation of the conditions with the zoning ordinance is not evidence from the Chesterfield Code. Section 21-34(i) of the Chesterfield Code provides for revocation of the permit as the sole remedy.