**STATE of Minnesota, Respondent,**

v.

**Scott Allen HULST, Appellant.**

**No. C2–93–1148.**

Court of Appeals of Minnesota.

Jan. 11, 1994.

Hubert H. Humphrey, III, Atty. Gen., Robert A. Stanich, Asst. Atty. Gen., St. Paul, Ken Kohler, Nobles County Atty., Worthington, for respondent.

John M. Stuart, State Public Defender, Elizabeth S. Wright, Sp. Asst. State Public Defender, Dorsey & Whitney, Minneapolis, for appellant.

Considered and decided by ANDERSON, C.J., and KALITOWSKI and FLEMING,[*] JJ.

## OPINION

KALITOWSKI, Judge.

Appellant Scott Allen Hulst seeks review of his gross misdemeanor conviction for refusing to submit to a chemical test in violation of Minn.Stat. § 169.121, subd. 1a (1990). Appellant contends the district court erred in considering appellant's prior out-of-state license revocation.

## FACTS

A police officer arrested appellant for refusing to submit to a chemical test in violation of Minn.Stat. § 169.121, subds. 1a and 3(c) (1990). Pursuant to the procedure approved in *State v. Lothenbach,* 296 N.W.2d 854, 856 (Minn.1980), appellant pleaded guilty and admitted that: (1) he had been driving; (2) he refused to provide a sample of his breath or blood for chemical testing; and (3) the copy of his Iowa driving record, which shows prior out-of-state license revocations, correctly represents his driving record.

Based on the stipulated facts, the district court found appellant guilty of a gross misdemeanor for refusing to submit to a chemical test in violation of Minn.Stat. § 169.121, subd. 1a (1990).

## ISSUE

Did the district court err in considering appellant's prior out-of-state license revocation to convict appellant of refusal to submit to a chemical test in violation of Minn.Stat. § 169.121, subd. 1a (1990)?

## ANALYSIS

Statutory construction is a question of law that we review de novo. *State v. Bonynge,* 450 N.W.2d 331, 337 (Minn.App.1990), *pet. for rev. denied* (Minn. Feb. 21, 1990).

At the time of appellant's arrest, if a police officer had probable cause to believe that a person drove, operated or was in physical control of a motor vehicle in violation of Minn.Stat. § 169.121, it was a gross misdemeanor for that person to refuse to submit to a chemical test of the person's blood, breath, or urine if:

> the person's driver's license has been suspended, revoked, canceled, or denied once within the past five years, or two or more times within the past ten years, under any of the following: this section or section 169.123; section 171.04, 171.14, 171.16, 171.17, or 171.18 because of an alcohol-related incident; section 609.21, subdivision 1, clause (2) or (3); 609.21, subdivision 2, clause (2) or (3); 609.21, subdivision 3, clause (2) or (3); or 609.21, subdivision 4, clause (2) or (3).

Minn.Stat. § 169.121, subd. 1a (1990); *see also* Minn.Stat. § 169.121, subd. 3(c) (1990).

The statute is clear and unambiguous; it provides that a person commits a gross misdemeanor if the person refuses to submit to a chemical test, and the person's driver's license has been suspended, revoked, canceled, or denied under certain Minnesota statutes. The statute contains no language

---

[*] Retired judge of the district court, serving as judge of the Minnesota Court of Appeals by appointment pursuant to Minn. Const. art. VI, § 10.

suggesting the list of Minnesota statutes is not exclusive. Further, the statute contains no language suggesting the statute could apply if the person's license was suspended, revoked, canceled or denied as a result of an unnamed Minnesota statute, an ordinance from this state, or an out-of-state statute or ordinance. This court cannot supply language that the legislature may have omitted or overlooked. *See State v. Corbin,* 343 N.W.2d 874, 876 (Minn.App.1984) (quoting *Northland Country Club v. Commissioner of Taxation,* 308 Minn. 265, 271, 241 N.W.2d 806, 809 (1976)). Moreover, criminal statutes must be strictly construed. *State v. Larson Transfer and Storage,* 310 Minn. 295, 304, 246 N.W.2d 176, 182 (1976).

Other statutes in the same chapter illustrate that the legislature recognized a difference between Minnesota statutes and statutes from other states. For example, a prior impaired driving conviction is defined as a prior conviction resulting from violation of one of the listed Minnesota statutes "or an ordinance from this state, or a statute or ordinance from another state in conformity with any of them." Minn.Stat. § 169.121, subd. 3(b) (1990). Presumably, if the legislature wanted to include license revocations that resulted from a violation of an out-of-state statute or ordinance in Minn.Stat. § 169.121, subd. 1a (1990), it would have used similar language. Further, the legislature did not choose to use more inclusive language when it amended the statute in 1992. *See* Minn.Stat. § 169.121, subd. 3(a)(2) (1992).

## DECISION

We reverse appellant's conviction because the district court erred in considering appellant's prior out-of-state license revocation to support a gross misdemeanor conviction under Minn.Stat. § 169.121, subd. 1a (1990).

**Reversed.**