**Peter WONG, Respondent,**

**Catherine Wong, Plaintiff,**

v.

**AMERICAN FAMILY MUTUAL INSURANCE COMPANY, a Wisconsin corp., petitioner, Appellant.**

**No. C7–96–2200.**

Supreme Court of Minnesota.

April 23, 1998.

William M. Hart, Katherine A. McBride, Meagher & Geer, P.L.L.P., Minneapolis, Bradley D. Lance, Taylor, Harrington, Rerat, Lance & Stofferahn, Maple Grove, for Appellant.

Steven D. Emmings, John W. Carey, Sieben, Grose, Von Holtum, McCoy & Carey, Fairfax, for Respondent.

## OPINION

ANDERSON, Justice.

While driving home to the Twin Cities from a business trip to Wisconsin and northern Minnesota, respondent Peter Wong hit a deer on Highway 169 and was severely injured. Wong filed an uninsured motorist claim with American Family Insurance, claiming that another driver had first hit the deer and left it lying in the highway. American Family denied the claim, and Wong filed suit against the company. At trial, the district court instructed the jury on negligence and Minn.Stat. § 169.42 (1996), which prohibits persons from placing certain objects in the highway. The court explained that a violation of the statute would be prima facie evidence of negligence.

The jury found that there was an earlier collision between the deer and a vehicle driven by an unidentified driver and that the unidentified driver was 55% negligent and Wong was 45% negligent. The court then ordered American Family to pay for Wong's injuries under his uninsured motorist policy. American Family moved for judgment notwithstanding the verdict or alternatively for a new trial, but the district court denied the motion, and American Family appealed. The Minnesota Court of Appeals affirmed. American Family then appealed to this court, arguing that Minn.Stat. § 169.42 does not create a legal duty for a driver to remove a dead or injured animal from the highway, and that, even if there was a legal duty, the evidence failed to support the existence of a breach of that duty or causation. We reverse.

Peter Wong was returning home from a business trip on the night of April 24, 1991. As sales manager for Won Ton Food Company, he had been visiting his restaurant customers. He arrived in Grand Rapids, Minnesota around 10:00 p.m. in the hopes of visiting a final customer, but he found that this customer's restaurant was closed. Wong then decided to drive home to Coon Rapids. He left Grand Rapids heading south on U.S. Highway 169, a two-lane highway that runs through many heavily-wooded areas. The last thing Wong remembers about the drive home is that it was "late at night," "dark," and it was an "awfully lonely highway." His next memory is waking up in an emergency intensive care unit.

Minnesota State Trooper Vincent Day was the first police officer to arrive at the accident scene which was about ten miles south of Grand Rapids. He found Wong's Datsun 280ZX Turbo upside down in the ditch. Wong was still in his car in severe pain, and he was having difficulty moving or feeling his legs. An ambulance arrived shortly after Officer Day, and the paramedics removed Wong from his car. Wong suffered severe injuries from the accident and now has quadriplegia.

Upon investigating the accident scene, Officer Day found a dead deer on the shoulder of the highway and skid marks from Wong's car. Wong's car and bumper were very low to the ground, and there was a long blood smear on the highway indicating that the

deer had been dragged underneath Wong's car. Officer Day found many deer hairs and other evidence of the deer on the undercarriage of Wong's car. From this evidence, Officer Day concluded that the deer was either lying down in the highway or in a very low position when Wong hit it. At the accident scene, Officer Day also found a fresh skid mark from another vehicle. Evidence at the scene indicated that the other vehicle was also traveling southbound and at one point came to a stop. Officer Day testified that, in his opinion, this other vehicle hit the deer, causing the deer to be out in the highway before Wong hit it. He also testified that the deer had been killed recently because it was still soft and not yet bloated.

After the accident, Wong filed a claim with American Family under his uninsured motorist policy. American Family refused to pay on the claim, asserting that Wong's own negligence caused his injuries. Wong then commenced an action against American Family. In its answer, American Family stated that Wong's own negligence caused his injuries and that Wong assumed the risk of the danger by his knowledge of open and obvious conditions. American Family filed a motion for summary judgment, but the Anoka County District Court denied the motion, concluding that there was evidence from which the jury could infer that an unidentified driver was responsible for Wong's injuries.

A jury trial was held on March 21 and 22, 1996. There was very little testimony. Wong testified briefly, and his attorney played Officer Day's videotaped deposition to the jury. The court specifically defined negligence for the jury and explained a driver's common law duties, such as keeping a car under control and maintaining a reasonable lookout. The court also read to the jury several statutes, including Minn.Stat. § 169.42. The court instructed the jury that if it found a violation of any of these statutes, that violation would serve as prima facie

evidence that the driver was negligent unless there was a reasonable justification or excuse. The court also instructed the jury on causation, explaining that to find liability, either Wong's or the unidentified driver's negligence must have caused the accident.

On the second day of trial, the jury returned its special verdict form. The jury determined that there had been an earlier collision between a vehicle driven by an unidentified driver and the deer, that the unidentified driver had been negligent, and that this negligence was a direct cause of Wong's accident. The jury concluded that Wong was negligent as well, and that his negligence was also a direct cause of the accident. The jury apportioned liability between the parties, finding the unidentified driver 55% negligent and Wong 45% negligent.

American Family filed a motion for judgment notwithstanding the verdict or alternatively for a new trial, arguing that it was an error of law for the district court to instruct the jury on Minn.Stat. § 169.42 because the statute did not create a legal duty for the unidentified driver to remove the deer from the highway. American Family also argued that reasonable minds could not have reached this verdict because there was no evidence that the unidentified driver was negligent. The court denied American Family's motion. The court concluded that the legislature intended to address this type of problem when it drafted Minn.Stat. § 169.42, and, as long as there was some evidence, it was the jury's role to decide the issues.

American Family appealed. The court of appeals affirmed, concluding that the district court correctly applied the plain meaning of Minn.Stat. § 169.42 and properly instructed the jury that a violation of the statute would serve as evidence of negligence.[1] The court of appeals also held that the evidence was sufficient to support the jury's verdict.

---

1. The court of appeals applied the wrong standard in determining the effect of a violation of Minn.Stat. § 169.42, a traffic statute. It applied the common law standard, namely that a statutory violation is negligence per se if the person harmed is within the intended protection of the statute and the harm suffered is of the type the legislature intended to prevent. The legislature explicitly changed this standard as applied to traffic statutes. Under Minn.Stat. § 169.96 (1996), a violation of a traffic statute "shall not be negligence per se but shall be prima facie evidence of negligence only." The district court correctly instructed the jury that a violation of a traffic statute is prima facie evidence of negligence.

■ American Family appealed to this court, again arguing that Minn.Stat. § 169.42 does not create a legal duty for the unidentified driver and that the evidence is insufficient to support the jury's verdict. Wong responds that Minn.Stat. § 169.42 does create a legal duty in this situation and that ample evidence supports the jury's finding that the unidentified driver was liable.

■ The existence of a duty is a necessary precondition to any negligence claim. *Rasmussen v. Prudential Ins. Co.*, 277 Minn. 266, 269, 152 N.W.2d 359, 362 (1967). The presence of a duty is a question of law for this court, which we review de novo. *Canada v. McCarthy*, 567 N.W.2d 496, 504 (Minn. 1997). Here, Wong argued that Minn.Stat. § 169.42 created a duty in the unidentified driver to remove the deer from the highway or to call the proper road authorities.

■ Construction of a statute is also a question of law fully reviewable by an appellate court. *Lolling v. Midwest Patrol*, 545 N.W.2d 372, 375 (Minn.1996). When interpreting statutes, we give words their common and approved usage unless to do so would be inconsistent with the legislature's manifest intent or repugnant to the statute's context. Minn.Stat. § 645.08 (1996). Therefore, we begin with the words of Minn.Stat. § 169.42 to determine whether it created a duty in the unidentified driver.

Subdivision 1 of Minn.Stat. § 169.42 describes the prohibited conduct:

No person shall throw, deposit, place or dump, or cause to be thrown, deposited, placed or dumped upon any street or highway or upon any public or privately owned land adjacent thereto without the owner's consent any snow, ice, glass bottle, glass, nails, tacks, wire, cans, garbage, swill, papers, ashes, refuse, *carcass of any dead animal*, offal, trash or rubbish or any other form of offensive matter or any other substance likely to injure any person, animal or vehicle upon any such street or highway.

(Emphasis added.) American Family and Wong dispute whether "carcass of any dead animal" includes a deer killed by a motor vehicle.

We have stated that the "meaning of doubtful words in a legislative act may be determined by reference to their association with other associated words and phrases." *State v. Suess*, 236 Minn. 174, 182, 52 N.W.2d 409, 415 (1952). The American Heritage Dictionary of the English Language defines "litter" as "[a] disorderly accumulation of objects; a pile" or "[c]arelessly discarded refuse, such as wastepaper." 1051 (3d ed.1992). Section 169.42 lists objects such as "glass," "cans," "papers," and "trash" that clearly fall within the definition of litter. All of the objects listed refer to something that the violator once possessed. If a person possessed a glass bottle and threw it on the highway, that person would have violated this statute. Likewise, if a hunter possessed a deer carcass and tied it to the car and the carcass fell off the car, then that hunter would have violated this statute by placing a "carcass of a dead animal" in the highway. A deer accidentally killed by a motor vehicle while on a highway, however, does not fall within the objects listed in the statute. The unidentified driver never possessed the deer. Rather, this wild animal wandered onto the highway. The unidentified driver allegedly hit the deer, but the driver did not place the deer or cause the deer to be placed in the highway.

■ Our interpretation is further supported by the fact that Minn.Stat. § 169.42 is a criminal statute, the violation of which is a misdemeanor. Minn.Stat. § 169.42, subd. 5. We strictly construe criminal statutes. *State v. Larson Transfer and Storage Inc.*, 310 Minn. 295, 246 N.W.2d 176, 182 (1976). "Before a person may be subject to criminal liability it must be reasonably certain that the statute or ordinance renders his conduct a criminal offense." *Id.* While it is reasonably certain that this statute applies to throwing onto the highway objects that the violator once possessed, it is unclear that the statute would apply to a driver who may have accidentally hit a deer or some other wild animal that ran into the highway, thus placing it in the highway. In fact, it is unreasonable to think that accidentally hitting a deer that wanders onto the highway could be a misdemeanor. And, as we must,

we presume that the legislature does not intend absurd or unreasonable results. *See* Minn.Stat. § 645.17(1). Therefore, we conclude that Minn.Stat. § 169.42, subd. 1 imposes no duty on a driver who accidentally hits a deer in the highway to protect other motorists who may later come into contact with the deer.

Wong contends that, even if there were no violation of Minn.Stat. § 169.42, subd. 1 in hitting the deer or failing to remove the deer from the roadway, the unidentified driver had the duty at least to call the proper road authorities to ensure that the deer was removed from the highway. Wong relies on subdivision 2 of Minn.Stat. § 169.42 which requires that "[a]ny person who drops, or permits to be dropped or thrown, upon any highway any of the material specified in subdivision 1, shall immediately remove the same or cause it to be removed." Wong contends that by calling the proper road authorities, the unidentified driver would have at least "cause[d the deer] to be removed." As we have already determined, however, a deer killed by a motor vehicle is not "material specified in subdivision 1" of the statute, and, therefore, subdivision 2 does not apply.

Minnesota Statutes section 169.42 does not, as a matter of law, create a duty for a driver who accidentally hits a deer. The district court erred in reading Minn.Stat. § 169.42 to the jury and instructing the jury that violation of the statute would constitute prima facie evidence of negligence. Moreover, under the facts of this case, the unidentified driver had no duty to other motorists to remove the deer from the highway or to call the road authorities. Therefore, American Family is entitled to judgment notwithstanding the verdict.

We reverse and remand for entry of judgment for American Family.

GARDEBRING, J., took no part in the consideration or decision of this matter.

GILBERT, J., took no part in the consideration or decision of this matter.